NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHARLES COWARD, | |
| Plaintiff, | Civil Action No. 13-2222 (MAS) |
| v. | |
| GARY M. LANIGAN, *et al.*, | MEMORANDUM OPINION |
| Defendants. | |

**SHIPP, District Judge**

This matter comes before the Court upon the motion of Defendant, Abu Ahsan, M.D., to dismiss Plaintiff's claim of medical malpractice because Plaintiff did not serve an Affidavit of Merit as required under N.J.S.A. 2A:53A-29. (ECF No. 29.) There has been no opposition filed by Plaintiff. For good cause shown, the motion is granted, and the medical negligence claim asserted against Defendant Dr. Ahsan shall be dismissed accordingly.

**I.     Background**

Plaintiff, Charles Coward, is a state inmate currently confined at the New Jersey State Prison ("NJSP") in Trenton, New Jersey. The incidents at issue in this action occurred during Plaintiff's incarceration at NJSP.

On or about April 9, 2013, Plaintiff filed a civil Complaint alleging violations of his civil rights under 42 U.S.C. § 1983. (ECF No. 1.) In his Complaint, Plaintiff alleges that he is a pretrial detainee incarcerated at NJSP, and on July 9, 2012, he was placed on suicide watch in a feces-stained cell without any bed or furniture. Plaintiff further alleges that Defendant Charles

E. Warren, Administrator of NJSP, authorized Plaintiff's placement in a restraint chair. Plaintiff asserts that Defendants Warren and Dr. Ahsan provided inadequate medical care with deliberate indifference to Plaintiff's life threatening infection contracted while confined under such unsanitary conditions. Specifically, Plaintiff alleges that Defendants failed to provide adequate medical treatment for large black scabs that had erupted over Plaintiff's body due to an injury caused by a suicide attempt and a bacterial infection caused by the arm injury. (*Id.*)

In an Order entered on May 2, 2013, this Court allowed Plaintiff's Fourteenth Amendment due process deprivation of liberty and denial of medical care claims to proceed against Defendants Warren and Dr. Ahsan. (ECF No. 2, Order at ¶ 4.) However, the Court dismissed the Complaint, without prejudice, as to Defendant Gary M. Lanigan, Commissioner of the New Jersey Department of Corrections ("NJDOC"), because the Complaint did not allege any facts to show Lanigan was personally involved in any of the alleged wrongful conduct, pursuant to *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) and *Bistrian v. Levi*, 696 F.3d 352, 366 (3d Cir. 2012). (ECF No. 2, Order at ¶ 6.) Defendant St. Francis Medical Center also was dismissed from the action because Plaintiff had not alleged any facts showing that there was a relevant custom or policy of St. Francis Medical enter that caused a violation of Plaintiff's constitutional rights under § 1983. (*Id.* at ¶7.)

Initially, the Complaint had named "Dr. Hassan" as a defendant, and a summons was issued as to "Dr. Hassan" accordingly. On December 18, 2013, default was entered against "Dr. Hassan." It was then discovered that Plaintiff had intended to name and serve Abu Ahsan, M.D., so a motion to vacate entry of default was filed on January 22, 2014. (ECF No. 14.) The motion was granted by Letter Order entered on February 11, 2014. (ECF No. 15.) Defendant Dr. Ahsan

thereafter filed an Answer to the Complaint on February 25, 2014. (ECF No. 16.) In the Answer, Dr. Ahsan issued a Demand for and Affidavit of Merit. (*Id.*)

On July 29, 2014, Defendant Dr. Ahsan filed this motion to dismiss the claim of medical negligence asserted against him because Plaintiff has failed to timely serve an Affidavit of Merit by a qualified physician asserting a reasonable probability that the care rendered by Dr. Ahsan deviated from accepted standards of medical care, as required under N.J.S.A. 2A:53A-27. (ECF No. 29.) There has been no response filed by Plaintiff with regard to Dr. Ahsan's motion to dismiss.

## II.    Legal Standard & Analysis

Defendant Dr. Ahsan asserts that this action must be dismissed because Plaintiff failed to serve an Affidavit of Merit as required by N.J.S.A. 2A:53A-29 ("If the plaintiff fails to provide an affidavit or a statement in lieu thereof, pursuant to section 2 or 3 of this act, it shall be deemed a failure to state a cause of action."). Specifically, this statute provides:

> In any action for damages for personal injuries, wrongful death or property damage resulting from an alleged act of malpractice or negligence by a licensed person in his profession or occupation, the plaintiff shall, within 60 days following the date of filing of the answer to the complaint by the defendant, provide each defendant with an affidavit of an appropriate licensed person that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional or occupational standards or treatment practices. The court may grant no more than one additional period, not to exceed 60 days, to file the affidavit pursuant to this section, upon a finding of good cause.
>
> In the case of an action for medical malpractice, the person executing the affidavit shall meet the requirements of a person who provides expert testimony or executes an affidavit as set forth in section 7 of P.L.2004, c. 17 (C.2A:53A-41). In all other cases, the person executing the affidavit shall be licensed in this or any other state; have particular expertise in the general area or specialty involved in the action, as evidenced by board certification or by devotion of the person's practice substantially to the general area or specialty involved in the action for a period of at least five years. The person shall have no financial interest in the outcome of the case under review, but this prohibition shall not exclude the person from being an expert witness in the case.

N.J.S.A. 2A:53A-27. However, under certain circumstances, a sworn statement by the plaintiff may be provided in lieu of an affidavit of merit. N.J.S.A. 2A:53A-28.[1]

The affidavit of merit statute therefore requires "plaintiffs to make a threshold showing" of merit, *Vitale v. Carrier Clinic, Incorporated*, 409 F. App'x 532, 533 (3d Cir. 2010) (citation omitted), in order "'to dispose of meritless malpractice claims early in the litigation'" and "'to allow meritorious claims to move forward unhindered.'" *Snyder v. Pascack Valley Hosp.*, 303 F.3d 271, 274 (3d Cir. 2002) (quoting *Burns v. Belafsky*, 166 N.J. 466, 766 A.2d 1095, 1099 (2001)). *See also Fontanez v. U.S.*, --- F. Supp.2d ----, 2014 WL 2608386, *2 (D.N.J. May 30, 2014). The affidavit of merit statute also requires that the affidavit be filed within sixty days of the answer, but permits an extension of time "not to exceed [sixty] days" for "good cause[.]" N.J.S.A. 2A:53A-27.

Failure to file a timely affidavit of merit generally "requires dismissal of the action with prejudice." *Nuveen Mun. Trust ex rel. Nuveen High Yield Mun. Bond Fund v. Withum–Smith Brown, P.C.*, 692 F.3d 283, 305 (3d Cir. 2012); *see also* N.J.S.A. 2A:53A–29 (setting forth the consequence for a plaintiff's failure to provide an affidavit of merit). However, "four limited exceptions[,]" where applicable, excuse a plaintiff's failure to comply with the affidavit of merit statute. *Nuveen*, 692 F.3d at 305. The limited exceptions are: "(i) a statutory exception regarding lack of information; (ii) a 'common knowledge' exception; (iii)" an exception

---

[1] N.J.S.A. 2A:53A-28 provides: "An affidavit shall not be required pursuant to section 2 of this act if the plaintiff provides a sworn statement in lieu of the affidavit setting forth that: the defendant has failed to provide plaintiff with medical records or other records or information having a substantial bearing on preparation of the affidavit; a written request therefor along with, if necessary, a signed authorization by the plaintiff for release of the medical records or other records or information requested, has been made by certified mail or personal service; and at least 45 days have elapsed since the defendant received the request."

predicated upon "substantial compliance with the affidavit-of-merit requirement;" or (iv) "'extraordinary circumstances' that warrant equitable relief." *Id.* (citations omitted).

In this case, Plaintiff has failed to allege or support any of the four limited exceptions to preclude dismissal with prejudice of his medical negligence claim. Further, the mere fact of Plaintiff's *pro se* status does not constitute extraordinary circumstances to overcome the Affidavit of Merit requirement. *See Kant v. Seton Hall University*, Civil No. 00-5204, 2009 WL 2905610 (D.N.J. Sep. 9, 2009). *See also Lee v. Thompson*, 163 F. App'x 142, 144 (3d Cir. 2006) (holding that plaintiff's status as a pro se litigant does not excuse his failure to file an Affidavit of Merit); *Allah v. MHSM, Inc.*, Civil No. 07-2916, 2008 WL 5115889, *3 (D.N.J. Dec. 2, 2008) (same as applied to a *pro se* prisoner litigant).

Therefore, because Plaintiff has not filed an Affidavit of Merit, a substantial equivalent, or any response to Dr. Ahsan's motion, and because the time to file an Affidavit of Merit has now expired, the Court will grant Defendant Ahsan's motion to dismiss the medical malpractice claim. The Court notes, however, that Plaintiff's Complaint alleges facts that, if true, may support his Fourteenth Amendment due process claims asserting deprivation of liberty and denial of medical care under 42 U.S.C. § 1983. (*See* ECF No. 2, May 2, 2013 Order at ¶ 4.) Accordingly, Plaintiff's Fourteenth Amendment claims against Dr. Ahsan and Administrator Warren are not dismissed at this time.

## IV.   Conclusion

For the reasons set forth above, and for other good cause shown, it is hereby ordered that Defendant Dr. Ahsan's motion to dismiss Plaintiff's medical malpractice claim in this action for failure to file an Affidavit of Merit is granted, and such claim is dismissed accordingly. The remaining Fourteenth Amendment due process claims against Defendants Dr. Ahsan and Administrator Warren are not dismissed at this time. An Order consistent with this opinion will be entered.

_____
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

Dated: 12/4/14